26871. LONG v. DALTON.

SUBMITTED DECEMBER 14, 1971—DECIDED JANUARY 6, 1972.

*Richardson, Chenggis & Constantinides, George G. Chenggis,* for appellant.

*Adair, Goldthwaite, Stanford & Daniel, T. Emory Daniel,* for appellee.

GRICE, Justice. Involved here are enumerations of error predicated upon a judgment pursuant to a complaint seeking change of custody of minor children and certain claims filed thereto.

The father, Arthur Quinn Long, filed the complaint in the Superior Court of DeKalb County against the mother, Beverly Parker Dalton, alleging that since the final decree awarding custody of their minor children to the mother she has conducted herself in such an immoral manner as to constitute a substantial change of condition adversely affecting the welfare of the children. An amendment made specific charges.

To this complaint the mother answered, denying its essential allegations and asserting counterclaims for child support payments, failure to assign and pay premiums on an insurance policy as required by the prior decree, violation of visitation privileges, and attorney's fees and expenses for harassment.

The record contains copies of the deposition of the wife and a report of the Juvenile Court of DeKalb County.

No transcript of the evidence and proceedings appears in the record.

The judgment complained of recites in material part: ". . . and the court, after hearing, having referred the status and condition of the children to the Juvenile Court of DeKalb County for investigation, report and recommendation; and said report having been made to the court. . ." It ordered no change in custody, but broadened visitation rights to the father due to increased distance involved, and found in favor of several of the mother's counterclaims not necessary to detail here.

The enumerations of error make, in essence, the following attacks upon the foregoing order: (1) that it did not transfer the case by proper order from the superior court to the juvenile court to refer and bestow upon the latter jurisdiction of the question of custody of the children; (2) that the order did not properly transfer the question of either for investigation and report back to the superior court or for investigation and determination, and therefore did not explicitly instruct and direct the juvenile court as to its authority; (3) that the order deprived him of his "day in court" since the hearing of April 28, 1971, was aborted and the case was referred to the juvenile court with no further hearing by either court; (4) that by said order the trial judge abused his discretion in awarding custody based upon the report of the juvenile court without any hearings and without the benefit of any further hearing.

None of these enumerations is meritorious as we appraise them.

■ The first and second enumerations, complaining that there was no proper order transferring the question of custody to the juvenile court either for investigation and report or for investigation and determination, are not meritorious. The order, as recited above, stated that the matter was referred for investigation, report and recommendation and that the report had been made. The absence

of any formal order in the record is not of any legal consequence.

■ The third and fourth enumerations urge that the hearing of April 28, 1971, was aborted and that no further hearing was had by either court, and that the order in question was not based upon any hearing and was without benefit of any further hearing.

However, the record shows that at least one hearing was held in the superior court on the issue of custody. As stated above, the order now under review recites that ". . . the court, after hearing. . ." Counsel for both sides made reference to matters which transpired there.

Yet, there is no transcript of the evidence and proceedings in the record as to any hearing.

In this situation, as the record stands, there is nothing to show what evidence was adduced on the issue of custody; or whether a hearing was "aborted" by transfer to the juvenile court, as claimed by the father. Likewise, it does not appear whether he made any objection to the hearing procedure now complained of; or whether the trial court made any rulings thereon. What occurred as to that is sheer speculation.

These enumerations require a consideration of the evidence for their determination.

It is axiomatic that where the record does not show objection and ruling by the trial court, the Supreme Court will not rule on objections raised the first time upon appeal, since this court is one for the correction of errors of law of trial courts only. These two enumerations show no error.

*Judgment affirmed. All the Justices concur.*